**UNITED STATES of America**

**v.**

**Thomas Carl HARBIN.**

**Crim. No. 69 HCr 96.**

United States District Court,
N. D. Indiana,
Hammond Division.

March 17, 1970.

Alfred W. Moellering, U. S. Atty., Fort Wayne, Ind., J. Frank Kimbrough, Asst. U. S. Atty., Hammond, Ind., for the United States.

Nick J. Thiros, Gary, Ind., for defendant.

### MEMORANDUM

BEAMER, District Judge.

On October 15, 1969, a grand jury charged defendant with violating 18 U. S.C. App. § 1202(a). That statute provides as follows:

> Any person who—
>
> (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony,
>
> \* \* \* \* \* \*
>
> and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

The indictment charged that:

> On or about the 3rd day of June, 1969, in the Northern District of Indiana, THOMAS CARL HARBIN, hav-

ing been convicted of a felony by a Court of the United States, that is, violation of Sections 2421 & 2422, Title 18 of the United States Code, White Slave Traffic Act, willfully and knowingly received and possessed a firearm, that is a .32 caliber Smith and Wesson Revolver, in violation of Section 1202(a), Title 18, Appendix of the United States Code.

Defendant claims that the indictment is insufficient to charge an offense, since it fails to allege any connection between his conduct and interstate commerce.[1] His position is that the words "in commerce or affecting commerce" in Section 1202(a) modify the entire phrase "receives, possesses, or transports." The Government, on the other hand, maintains that the language concerning commerce refers only to the verb "transports," and that the mere receipt or possession of a firearm by a convicted felon is sufficient to constitute an offense under the statute.

This appears to be a question of first impression. The Court has been unable to find any reported case construing Section 1202(a). The extracts from the Congressional Record cited by counsel are of limited relevance; and in any case, the question here is what Congress did, not what individual members thought it was doing. The problem is to find a reasonable interpretation of the language used in light of the Congressional findings.

The statutory language strikes the Court as neutral. No matter which construction is adopted, the statute reads badly because of the words "affecting commerce." The absence of a comma between the words "transports" and "in" makes the Government's interpretation tenable, but the vagaries of English punctuation are such that defendant's interpretation seems equally tenable.

Recognizing the inconclusive nature of the arguments from grammar, both par-

ties rely heavily on the supposed implications of 18 U.S.C. App. § 1201, which contains the findings applicable to Section 1202(a). Section 1201 provides as follows:

The Congress hereby finds and declares that the receipt, possession, or transportation of a firearm by felons, veterans who are discharged under dishonorable conditions, mental incompetents, aliens who are illegally in the country, and former citizens who have renounced their citizenship, constitutes—

(1) a burden on commerce or threat affecting the free flow of commerce,

(2) a threat to the safety of the President of the United States and Vice President of the United States,

(3) an impediment or a threat to the exercise of free speech and the free exercise of a [*sic*] religion guaranteed by the first amendment to the Constitution of the United States, and

(4) a threat to the continued and effective operation of the Government of the United States and of the government of each State guaranteed by Article IV of the United States Constitution.

The Government notes that the evils cited in subsections (2), (3), and (4) spring from the mere possession of firearms by members of the proscribed class, regardless of whether or not commerce is involved. For that reason, it argues that an interpretation of Section 1202(a) requiring some connection with interstate commerce would frustrate the intent of Congress.

That argument has considerable force, but so does the defendant's response: why mention commerce at all if the evils to be remedied are unrelated to commerce? Under the Government's interpretation, it would be illegal for a felon to possess or receive a firearm, but permissible for him to transport one (as-

[1]. 18 U.S.C. App. § 1202(c) (1) indicates that the word "commerce" in Section 1202(a) means interstate commerce.

suming that a person can transport something without possessing or receiving it), unless he transports it "in or affecting commerce."

After devoting considerable thought to the question, this Court is convinced that there can be no reasonable interpretation of Section 1202(a). Under the Government's interpretation, the Court is required to assume that after expressly finding that possession, receipt and transportation of firearms by felons threatens federally-cognizable. interests, Congress chose to prohibit the first two outright, but prohibit the third only if interstate commerce was involved. Under the defendant's interpretation, the Court is required to assume that despite that same finding, Congress refused to make *any* of the three illegal unless commerce was involved. Neither assumption makes any sense.

 Under these circumstances, the Court can only resort to general rules of construction. The one that applies most forcefully here is the rule that penal statutes should be construed in favor of the accused. The Court therefore holds that the phrase "in or affecting commerce" in 18 U.S.C. App. § 1202(a) must be taken as modifying the entire phrase "receives, possesses, or transports," and not just the word "transports." It follows that the indictment is defective in failing to allege some connection with interstate commerce and must therefore be dismissed.

In reaching this decision, the Court seriously doubts that the result is one which Congress intended. But as long as the phrase "in or affecting commerce" remains in the statute, it has to be given effect; and if the phrase is given any effect at all, the purpose implicit in the Congressional findings must inevitably be frustrated. If a statute is susceptible of only two constructions, neither of which accords with the apparent intent of the draftsmen, and if both are equally permissible in light of the statutory language, the Court must choose the one more favorable to the accused.